DOUGHERTY and Another v. THOMPSON.

*T.* filed a complaint before two justices of the peace against *D.* and *J.*, as tenants of certain premises, for holding over, &c. The damages claimed were 100 dollars. Plea, not guilty. The following were the facts : The premises had been conveyed in fee-simple by *D.* to *T.*; and, by a sealed

DOUGHERTY
v.
THOMPSON.

*Friday,*
*November* 29.

instrument of the same date with the conveyance, executed by the plaintiff and defendants, the plaintiff, in consideration, &c., had " leased, rented, and to farm let" the premises to the defendants, from the date thereof until, &c., and had agreed to pay *D.* 100 dollars at the end of the term, " on the express condition " that the defendants should surrender the premises to him at or before that time, and had agreed also that, should *D.*, on or before that time, pay him a certain debt, &c., he would permit *D.* to remain in possession, and would release to him all his interest in the premises ; and the defendants had agreed that they would use the premises in a husband-like manner, would commit no waste, and would, at the end of the term, deliver possession to the plaintiff if *D.*, in the mean time, should fail to pay him said debt.

*Held*, that the claim of 100 dollars did not exceed the jurisdiction of the justices; and that the title to real estate was not involved in the cause. *Held*, also, that, to maintain the suit, it was not necessary that the plaintiff should have made an actual tender to *D.* of the 100 dollars. *Held*, also, that the agreement between the plaintiff and defendants created between them the relation of lessor and lessees.

APPEAL from the *Orange* Circuit Court.

DEWEY, J.—This was a complaint filed before two justices of the peace by *Thompson* against *Dougherty* and *Johnson*, for holding over their term as tenants. Damages claimed 100 dollars. Plea, not guilty. Verdict and judgment for the plaintiff.

On the trial, the plaintiff read in evidence a deed executed by *Dougherty* conveying to him the premises in question in fee-simple. He also read a sealed instrument of the same date with the deed, executed by himself and by *Dougherty* and *Johnson*. By that instrument, the plaintiff, in consideration of 50 dollars paid him by *Dougherty* and *Johnson*, "leased, rented, and to farm let" to them the land and appurtenances in controversy, from the 16th day of *March*, 1843, (the date of the deed and of the other instrument,) until the first day of *September* following. And the plaintiff covenanted as follows : that he would pay *Dougherty* 100 dollars at the expiration of the term, " on the express condition " that *Dougherty* and *Johnson* surrendered to him peaceable possession of the leased premises, on or before the day of the expiration of the term ; that, should *Dougherty*, on or before that day, pay to him certain sums of money, amounting to 1,418 dollars and 70 cents, which he owed him, the plaintiff would suffer *Dougherty* to remain in possession, and would release to him all the plaintiff's interest in the land. *Dougherty* and

*Johnson* covenanted that they would use the premises in a husbandlike manner, would commit no waste, and would, at the expiration of the term, deliver possession to the plaintiff should *Dougherty*, in the mean time, fail to pay the plaintiff the money which he owed him.

The defendants asked the Court to instruct the jury as follows: 1. That they must find for the defendants, because the damages claimed in the complaint being over 100 dollars, and the title to real estate being put in issue, the justices had no jurisdiction of the cause. 2. To entitle the plaintiff to recover, he must have proved that he tendered 100 dollars to *Dougherty* on the 1st of *September*, 1843, at the close of the day; and that he had brought the money into Court. 3. That the deed from *Dougherty* to the plaintiff, and the other instrument executed by the plaintiff and by *Dougherty* and *Johnson*, constituted a mortgage to the plaintiff; and that a mortgagee could not maintain this action to recover possession of the mortgaged premises. The Court refused all the instructions, and we think correctly.

1. The general law regulating the jurisdiction of justices of the peace is not applicable to this case. The statute on which this proceeding is founded, authorizes the jury, trying the cause, to assess such damages for the unjust detention of the premises as they may deem reasonable, and the justices are required to render a judgment accordingly. R. S. 1838, p. 584.—R. S. 1843, p. 819. The jurisdiction of the justices is not limited as to the amount of the damages. *Ricketts* v. *Ash*, at this term. There was no pretence that the title to real estate was involved in the trial. The only questions were, had the relation of landlord and tenants subsisted between the plaintiff and the defendants? and did the latter hold over their term? And, besides, if the justices had no jurisdiction, the motion should have been to dismiss the cause, not to instruct the jury. 2. No question of tender belonged to the cause. Admitting that by the agreement which was given in evidence, the payment of the 100 dollars by the plaintiff, and the surrender of the premises by the defendants, were to have been concurrent acts, (a matter which we do not decide,) still the plaintiff was not bound to make an actual tender; all that could have been required of him was to

Nov. Term, 1844.

offer to pay the money upon the surrender of the premises; and as he was not bound to make an unconditional tender, he was under no obligation to have the money in Court. Besides, the evidence showed that the defendants neither surrendered the possession, nor offered to do so, on any terms. Dougherty of course had no claim to the 100 dollars. 3. Admitting that the deed executed by *Dougherty* to the plaintiff, and the article of agreement executed by the plaintiff and by the defendants, constituted a mortgage between *Dougherty* and the plaintiff—and they certainly bear some strong features of a mortgage—still, we think the Court did right in refusing to instruct the jury that they amounted to a mortgage, and that the plaintiff could not as a mortgagee maintain this action for possession. It was not as a mortgagee, but as a landlord, that he demanded the possession. And though the two instruments taken together may amount to a mortgage between *Dougherty* and the plaintiff, the defeasance, if it be such, certainly creates the relation of lessor and lessees between the plaintiff and the defendants. The third instruction, therefore, was properly refused because it was not relevant to the case. And besides, it implied that the instruments referred to amounted to nothing but a mortgage, and should not for that reason have been given.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Collins, W. Quarles,* and *J. H. Bradley,* for the appellants.

*H. P. Thornton,* for the appellee.